# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CAROLYN A. LITTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-239-JAR |
| ) | |
| SPECIAL SCHOOL DISTRICT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff Carolyn A. Little's response to the Court's March 13, 2019 order directing her to show cause why this action should not be dismissed as untimely. Having carefully reviewed and considered plaintiff's response, the Court concludes that this action is subject to dismissal because it is barred by the statute of limitations. The Court will therefore dismiss it without further proceedings.

The background of this case is fully set forth in the prior orders of this Court. However, following is a brief recitation. Plaintiff filed this action on February 15, 2019 under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.* However, she failed to provide a copy of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), and the Court instructed her to do so. Plaintiff timely complied by submitting two EEOC right-to-sue letters, each related to a separate charge of discrimination. The first letter was dated May 4, 2017, and the second was dated May 26, 2017. The Court concluded that it appeared plaintiff had filed this case outside the applicable limitations period, and directed her to show cause why it should not be dismissed as time-barred.

In the response now before the Court, plaintiff states that the EEOC issued the right-to-sue letter "prior to the case being filed in State Court," that the EEOC "refuses to comply with the Federal Court order to issue a new 'Right to Sue' letter," and that an EEOC supervisor told her "there is no such thing as an updated 'Right to Sue' letter." (Docket No. 8 at 1). Plaintiff asserts that the "original 'Right to Sue' was executed in State Court within the 90 day period," and that when the case "failed to be resolved at the state level," she "filed the case in federal court with the EEOC Complaint Number." *Id.* With her response, plaintiff provided a copy of a petition she filed in the Circuit Court of St. Louis County, a copy of a June 26, 2017 right-to-sue letter from the Missouri Commission on Human Rights, and a copy of the May 26, 2017 right-to-sue letter from the EEOC.

Plaintiff seeks relief in federal court, but she has not timely filed her claim in this Court. As previously explained, a plaintiff in an ADEA action has ninety days from receipt of the EEOC right-to-sue letter to file a civil action in federal court. *Littell v. Aid Ass'n for Lutherans*, 62 F.3d 257, 259 (8th Cir. 1995). Failure to file a timely civil action warrants dismissal of the complaint. *E.g., Braxton v. Bi-State Development Agency*, 728 F.2d 1105, 1108 (8th Cir. 1984). In the case at bar, the ninety-day period from the date of plaintiff's most recent EEOC right-to-sue letter elapsed on approximately August 24, 2017. Plaintiff filed this action nearly eighteen months later, on February 15, 2019. The fact that plaintiff previously brought a state action in a state forum does not mean she is not subject to the statute of limitations for bringing an action in federal court. Additionally, none of plaintiff's averments establish entitlement to equitable tolling. Having determined that plaintiff filed the instant action outside the applicable limitations period, and having reviewed and considered plaintiff's response to its March 13, 2019 order, the

Court concludes that the instant action is time-barred, and will dismiss it as such. "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Docket No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 20th day of March, 2019.

/s/ John A. Ross
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE